GRAVES *v.* VON BELOW.

1. HUSBAND AND WIFE—CONTRACTS—CONSIDERATION — MARRIAGE SETTLEMENT.

> The assignment of a policy of insurance, as a settlement, in contemplation of marriage, upon the prospective wife, is supported by a valid consideration.

2. TRUSTS—POWER OF ATTORNEY—REVOCATION—INSURANCE POLICY.

> A trust in the funds receivable from an insurance policy, executed by the assignee of the policy, without consideration, transferring an interest therein to the insured, the husband of the assignee, and authorizing a payment of part thereof by the trustee to creditors of the insured, is revocable when based on and limited by a previously executed power of attorney of substantially the same import, in which a right of revocation is reserved.

Appeal from Wayne; Murfin, J.   Submitted February 9, 1910.  (Docket No. 129.)  Decided March 19, 1910.

Bill of interpleader by Henry B. Graves against Maude C. Von Below and Clarence H. Gould to determine the rights of defendants in the proceeds of a policy of insurance.   From a decree for defendant Von Below, defendant Gould appeals.   Affirmed.

*Edgar N. Durfee,* for appellant.

*Robert E. Bunker,* for appellee.

McALVAY, J.   Complainant filed his bill of interpleader in the circuit court for Wayne county, impleading the defendants, asking the court to determine their respective rights and interests in and to certain moneys in his hands after determining his proper charges, and the amount to be paid by him into the court pending this litigation, and to relieve him from all further responsibility; also to enjoin said parties from prosecuting any suits against him to recover said funds which came into his hands and were held by him as a trustee.

Stated as briefly as possible, the facts are: That these defendants were formerly husband and wife.   That prior to their marriage, which occurred November 11, 1902, defendant Gould was owner of a fully paid endowment policy of life insurance of $10,000, payable to his legal representatives in event of his death prior to March 18, 1909, and, in case he survived that date, that sum and all earned dividends to be paid to him.   After their engagement and before their marriage, and in consideration of that approaching event, and for the purpose of making provision for her, defendant Gould assigned said policy absolutely and without condition to his affianced wife. Both before and after such assignment and the marriage of these parties, he was involved in financial difficulties and in litigation with his creditors.   Not long after the marriage they went to the Philippines, where they re-

mained for some time. They then returned to the State of Washington. They had disagreements, and the record shows that he deserted her at Seattle, and she came east to Detroit. Creditors threatened to attack the assignment of this policy of insurance made to her, and she, desirous of a reconciliation, and willing, for that purpose, to pacify creditors, on March 3, 1904, made a power of attorney and written authority to complainant to take the necessary steps to preserve the policy and collect the amount due thereon when the same matured, and distribute the same in certain proportions. Complainant, as the professional adviser of both parties, desired a reconciliation between them, and undertook to bring it about under such authority. The authority and power of attorney are one instrument, and read as follows:

"Know all men by these presents that I, Maude C. Gould, have constituted and appointed, and by virtue of these presents do constitute and appoint Henry B. Graves, of Detroit, Michigan, my true and lawful attorney, in my name, place and stead to go to Seattle, Washington, and take whatever steps that may be necessary in his judgment to preserve my interest and the interest of my husband, Clarence H. Gould, in policy No. 420,450, issued by the Equitable Life Assurance Company of the United States upon the life of Clarence H. Gould and assigned to me, to the end that after the payment of not more than two thousand ($2,000.00) dollars for the purpose of satisfying the claims of creditors of Clarence H. Gould, and the further payment of the expenses and services of my said attorney, the proceeds of said policy at the maturity of the same may be collected and disposed of in the manner and under the conditions set forth in the paper hereto attached, marked Exhibit A, and made a part hereof; that for the purpose of carrying into effect the above object, I do hereby authorize and empower my said attorney to do each and every act in the premises that I could do if personally present, and to sign my name to all papers that may be necessary in the premises, and otherwise act in my name, place and stead, without the power of substitution, but hereby reserving full power of revocation in writing.

"Signed," etc.

Exhibit A:

"DETROIT, MICH., March 3, 1904.
"My Dear Mr. Graves:

"Regarding papers turned over by me to you belonging to Mr. Gould, you can with exception of insurance policy return to Mr. Gould as requested by him. As to policy No. 420,450, in the Equitable Life Insurance Company of the United States on the life of Clarence H. Gould, assigned to me; you are hereby authorized to take the necessary steps to preserve this policy and collect the amount due therein when same matures, so that not more than $2,000.00 is paid to creditors, and in case Clarence H. Gould and myself are not separated and continue to live together at that time, I receive one-half from the proceeds and in case of separation I receive ⅔ more from the proceeds. I mean ⅔ of his half.

"MAUDE C. GOULD."

No consideration passed from defendant Gould for the provisions made for him in these papers. Complainant went to Seattle to meet Mr. Gould and execute his mission. He used $2,000, as authorized, in payment to creditors. This was not sufficient, but required $600 more. For this purpose, another instrument was executed to him by Mrs. Gould on May 19, 1904, giving him such authority, and referring to the papers above set forth, and authorizing him to proceed according to instructions of the letter. He did so, but no reconciliation could be effected, and he returned to Detroit. From time to time complainant loaned or furnished Mrs. Gould money in such amounts as she requested until no further amount could be loaned on her apparent interest in the policy. Proceedings for divorce were instituted by her which proceeded to a *pro confesso* decree for divorce, including permanent alimony of $2,500, which was entered February 23, 1905. No personal service was had upon Mr. Gould, and he did not appear or take any part in the divorce case. On April 8, 1909, Mrs. Gould, then Mrs. Von Below, revoked the power of attorney given to complainant. The dispute in this case concerns the amount remaining in his hands, for a proper disposition of which

he has invoked the action of the proper court. A decree of interpleader has been duly entered, and the fund has been paid into court by complainant, and he has been discharged. The case was heard in open court upon pleadings and proofs. Defendant Gould was not present or a witness. The court below granted a decree in favor of Mrs. Von Below, giving her the entire fund in dispute. From this decree defendant Gould has appealed.

As the appellant contends that this trust was not revocable because it was created, as he claims, by the agreement between complainant and Mrs. Gould, executed May 19, 1904, and as this agreement is not included, except by reference, in the statement made by us, we think it important to give it here. It reads:

"Whereas, upon March 3, 1904, Maude C. Gould, by an instrument in writing, did constitute and appoint Henry B. Graves, of Detroit, Michigan, her true and lawful attorney to take whatever steps that might be necessary in his judgment to preserve her interests and the interests of her husband, Clarence H. Gould, in policy No. 420,450 issued by the Equitable Life Assurance Society of the United States, upon the life of Clarence H. Gould, and assigned to Maude C. Gould to the end that after the payment of not more than two thousand ($2,000.00) dollars for the purpose of satisfying the claims of creditors of Clarence H. Gould and the further payment of the expenses and services of said attorney, the proceeds of the said policy at the maturity of the same might be collected and disposed of in the manner and under the conditions set forth in a paper marked 'Exhibit A.' and attached to said power of attorney; and

"Whereas, said Henry B. Graves, pursuant to said power of attorney, has taken certain steps for the purposes above set forth, and to that end has secured an agreement with W. J. Gould & Co., a corporation, and with Lona M. Gould, both creditors of said Clarence H. Gould, to the effect that upon the payment of the sum of two thousand six hundred ($2,600.00) dollars, all claims and demands of every kind and nature of said W. J. Gould & Company and said Lona M. Gould against said Clarence H. Gould should be canceled and discharged; and

"Whereas, in order to reach the agreement aforesaid,

it has been necessary to increase the amount to be expended from two thousand ($2,000.00) dollars to two thousand six hundred ($2,600.00) dollars, and in order to raise the money to carry out said agreement, it will be necessary that said Maude C. Gould borrow the sum of two thousand six hundred dollars ($2,600.00):

"Now, therefore, it is agreed, in duplicate, between said Maude C. Gould and Henry B. Graves as follows:

"(1) That the insurance policy aforesaid shall be assigned to said Henry B. Graves, as trustee, for the purpose of procuring said loan, and for the further purpose of carrying out and fulfilling the terms and conditions of . the power of attorney aforesaid, which is hereto attached and made a part hereof.

"(2) That said Henry B. Graves shall either loan to said Maude C. Gould, or procure a loan for Maude C. Gould, of the sum of two thousand six hundred ($2,600.-00) dollars with interest at the rate of 5 per cent. per annum, said loan to be due and payable on the 18th day of March, 1909, or to be renewed from time to time until said date.

"(3) That the proceeds of said loan shall be used by said Henry B. Graves in carrying out and fulfilling the agreement aforesaid with the creditors of Clarence H. Gould.

"(4) That upon the maturity of the policy aforesaid, to wit, upon March 18, 1909, said Henry B. Graves shall collect the amount then due upon said policy, in cash, and after the payment of the loan and interest aforesaid, and his expenses and services, the services amounting to five hundred dollars ($500.00) shall distribute the proceeds in the manner set forth in Exhibit A attached to the power of attorney aforesaid, with this exception, to wit: the sum of six hundred ($600.00) dollars and whatever interest has accumulated or has been paid upon the loan of two thousand six hundred ($2,600.00) aforesaid, shall be deducted from the share which would be paid to Clarence H. Gould under the provisions of said Exhibit A, and the amount of said deduction shall be paid to Maude C. Gould. The portion to be paid to Clarence H. Gould shall only be paid to him in the presence of Maude C. Gould if living.

"(5) That this agreement shall bind the executors, administrators and assigns of the respective parties, and also shall bind the successor in trust of said Henry B. Graves.

"Witness our hands and seals," etc.

Our construction of this instrument is that it was executed to allow more than $2,000 to be used to satisfy Mr. Gould's creditors, and, although it assigns title to the insurance policy to complainant, it in no way gives him further powers than he had under the power of attorney and directions attached. Without the first papers upon which it is based, and which are made a part of it, this instrument is not complete and could not be fully executed. It was made while the same conditions existed contemplating a payment to creditors and a reconciliation. As we find nothing in the record to the contrary, the interests of Mr. Gould referred to in these papers cannot be construed to be other than those we find specified and established thereby. The record does not show that she did not take the entire interest in this insurance policy assigned to her by defendant Gould in consideration of marriage and to make provision for her. The consideration was a good and valuable one. 1 Bishop on Married Women, § 775. There was no reservation, and the record does not support the contention that he had any interest in it. We also find that the transfer was a voluntary one on her part, made by these instruments to complainant for the purposes therein stated. The power of attorney with attached instructions and the agreement of May 19, 1904, by express terms are parts of one transaction. Whatever trust existed was created by these instruments. A revocation of this power of attorney given to complainant was made and executed by Mrs. Von Below, formerly Mrs. Gould, on April 8, 1909, and served on complainant on April 10th. It reads as follows:

"Know all men by these presents that I, Maude C. Von Below of the city of Detroit, in the State of Michigan, formerly Maude C. Gould of said city, do hereby and by virtue of these presents absolutely revoke a certain power of attorney, bearing date the 3rd day of March, 1904, executed by me, wherein and whereby I did constitute and appoint Henry B. Graves, of Detroit, Michigan, my true and lawful attorney in my name, place, and stead, and

did authorize and empower the said Henry B. Graves among other things after the collection of whatsoever moneys should be due me on policy No. 420,450 issued by the Equitable Life Assurance Society of the United States upon the life of Clarence H. Gould and assigned to me, to disburse said moneys so thereafter to be collected by him, my said attorney in fact, in accordance with and under the conditions set forth in a paper attached to said power of attorney and marked 'Exhibit A,' and made a part hereof. And I, the said Maude C. Von Below, herewith and hereby exercising the right expressly reserved in said power of attorney do as hereinbefore stated, expressly and finally and forever revoke to the said Henry B. Graves to disburse any of the funds which he shall collect upon the policy of insurance aforesaid to the said Clarence H. Gould, or to any person or persons for him, or in his behalf, or on his order of directions, and expressly order and direct that all moneys so collected by said Henry B. Graves except as to his own costs and charges shall be accounted for and paid to me.

"MAUDE C. VON BELOW.
" Signed, sealed, and delivered in presence of," etc.

The principal contention on the part of appellant in this case relates to the revocability of the trust. This is founded upon his construction of the agreement of May 19, 1904, which we have already considered. He insists that no power of revocation was reserved. It appears to us that the principles of interpretation invoked are not applicable. These instruments are to be construed together. They do not appear to be ambiguous or uncertain. It is admitted that, if a power of revocation was reserved, the decree of the circuit court should be affirmed. The case turns upon this proposition. In our opinion it is not necessary to discuss other questions. The contest between the parties relates only to the disposition of 30 per cent. of the fund in the hands of the court.

We find no difficulty in arriving at the conclusion that these agreements, which were founded upon this power of attorney, were revocable, for the reason that a power of revocation was, in terms, reserved in the power of at-

torney. Such revocation would terminate the trust. 28 Am. & Eng. Enc. Law (2d Ed.), p. 950.

We agree with the trial court in holding that the trust was terminated by revocation. The decree is affirmed, with costs, in favor of appellee.

MONTGOMERY, C. J., and BROOKE, BLAIR, and STONE, JJ., concurred.